AO 241 (Rev. 09/17)

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 30 2023

BY
DEPUTY

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | Docket or Case No.: |
|---|---|---|
| | | 6:23CV 58 JCB/JDL |

| Name (under which you were convicted): ANDREW LENARD HARDESTY | |
|---|---|

| Place of Confinement : WAINWRIGHT UNIT | Prisoner No.: 2221304 |
|---|---|

Petitioner (include the name under which you were convicted)        Respondent (authorized person having custody of petitioner)

ANDREW LENARD HARDESTY v. BOBBY LUMPKIN, as Director TDCJ-CID

The Attorney General of the State of: TEXAS

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   3rd [THIRD] court of Criminal Appeals Austin Texas

   (b) Criminal docket or case number (if you know):  Trial Cause ; 75,106, WR-93,134-01

2. (a) Date of the judgment of conviction (if you know):  August 1, 2018

   (b) Date of sentencing:  August 1, 2018

3. Length of sentence:  LWOP

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Capital Murder

6. (a) What was your plea? (Check one)

   ☑ (1)    Not guilty        ☐ (3)    Nolo contendere (no contest)

   ☐ (2)    Guilty            ☐ (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?     N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   THIRD COURT OF CRIMINAL APPEALS

(b) Docket or case number (if you know):   03-18-00546-CR

(c) Result:   Affirmed

(d) Date of result (if you know):   N/A / unknown

(e) Citation to the case (if you know):   unknown

(f) Grounds raised:   Failure to Issue Jailhouse Informant Jury Instruction for two State witness's Jeremi Romel, and Russell Parrish.

The Court Allowed hearsay statements of JoAnn Willert under rule 801(e)(2)(E) (Co-conspirator exception) without sufficient evidence to sustain the remuneration element of the charged offense.

(g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Name of court:   N/A

(2) Docket or case number (if you know):   N/A

(3) Result:   N/A

AO 241 (Rev. 09/17)

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: THIRD COURT OF CRIMINAL APPEALS

(2) Docket or case number (if you know): 03-18-00546-CR

(3) Date of filing (if you know): OCTOBER 30 2019

(4) Nature of the proceeding: Petition for Discretionary Review

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: Affirmed

(8) Date of result (if you know): 12-11-19

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised:

    _____

    _____

    _____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

    (a)   (1) Name of court:   THIRD COURT OF CRIMINAL APPEALS

           (2) Docket or case number (if you know):   FR - 93,134-01

           (3) Date of filing (if you know):   March 4, 2021

           (4) Nature of the proceeding:   Denied without written order

           (5) Grounds raised:   False Testimony, Suppression of Favorable Impeachment Evidence, Ineffective Assistance of Counsel, Cumulative Prejudice

           (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

           ☐ Yes    ☑ No

           (7) Result: _____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☐ Yes     ☑ No

(2) Second petition:    ☐ Yes     ☐ No

(3) Third petition:     ☐ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Petitioner, is anaware of what Appointed Habeas Counsel Kristen Jernigan has filed

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** False Testimony , Suppression of Favorable Impeachment Evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Jermi Ronel and Russell Parrish both State witness's falsified testimony and Prosecutor with hild the evidence from Defense, Jury and the court Concerning their Knowledge for considerable Favorable treatment in their respective criminal cases

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   The grounds raised on Appeal were filed by John Kuchera with the evidence in the record, later evidence was recovered after appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   WRIT OF HABEAS CORPUS 11.07

Name and location of the court where the motion or petition was filed:

THIRD COURT OF CRIMINAL APPEALS

Docket or case number (if you know):   FK-93,134-01

Date of the court's decision:   NOVEMBER 16, 2022

Result (attach a copy of the court's opinion or order, if available):

Denied without written Order

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petitioner is unaware of the reasons appointed Habeas counsel Kristen Jernigan did not move forward

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** Innefective   Assistance   of   Counsel
At The Guilt-Innocence Stage

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to timely object to def. Terry keiser's opinion testimony that "these
people" led him to believe that "Jack Dutton was the go-between in a murder for hire"
Counsel failed to object to inadmissable hearsay testimony that people led kaiser to
to believe that Hardesty made multiple admissions to killing the deceased"; (6) that
JoAnn Wilbert (who allegedly hired Hardesty to commit the murder) told kaiser that she
did not know Hardesty, but she had his photo on her phone(c) that Julia Driskell told
Greg Pickens that Hardesty tried to choke her to death and hit her; and (d) that Wilbert
wrote letter's to John Horn to find a hit man. Counsel failed to object to inadmissable

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Petitioner   is   unaware
why Appointed Appeal Counsel John Kuchera did not raise
this Issue

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   WRIT OF HABEAS CORPUS 11.07

Name and location of the court where the motion or petition was filed:

THIRD COURT OF CRIMINAL APPEALS

Docket or case number (if you know):   FR - 93,134-01

AO 241 (Rev. 09/17)

Date of the court's decision:     NOVEMBER 16, 2022

Result (attach a copy of the court's opinion or order, if available):

Denied without written order

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petitioner is unaware of why Appointed Habeas Counsel Kristen Jernigan did not file appeal

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**     Cumulative Prejudice

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The cumulative prejudice resulting from the false testimony, the suppression of favorable impeachment evidence, and ineffective assistance of counsel requires a new trial.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☑ No

      (2) If you did not raise this issue in your direct appeal, explain why: Petitioner is unaware of why Appellete counsel John Kuchera did not file this ground on Appeal

(d)     **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☑ Yes    ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:   WRIT OF HABEAS CORPUS 11.07

      Name and location of the court where the motion or petition was filed:

      THIRD COURT OF CRIMINAL APPEALS

      Docket or case number (if you know):   FoC - 93,134 - 01

      Date of the court's decision:   NOVEMBER 16, 2022

      Result (attach a copy of the court's opinion or order, if available):

      Denied without written order

      (3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☑ No

      (4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☑ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes    ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      AN

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Petitioner is unaware why appointed Habeas Counsel Kristen Jernigan did not appeal*

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?            ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?       ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

_____ N o _____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
raised. _____

_____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: John Galligan

(b) At arraignment and plea: John Galligan

(c) At trial: John Galligan

(d) At sentencing: John Galligan

(e) On appeal: John Kuchera

(f) In any post-conviction proceeding: Randy Schaffer and Kristen Jernigan

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☑ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

27TH DISTRICT COURT BELL COUNTY TEXAS

(b) Give the date the other sentence was imposed: September 17, 2018

(c) Give the length of the other sentence: 10 Years

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☑ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Due to the onset of the Covid-19 pandemic at the beginning of 2020 petitioner was denied briefly access to the unit law library to have the ability to adequately research and or release the funds to an attorney for representation

AO 241 (Rev. 09/17)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Evidentiary Hearing, Remand for New Trial and or Transfer of Custody to Ukrainian Armed Forces for Active Duty military service*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *01 / 14 / 2023* (month, date, year).

Executed (signed) on *01 / 14 / 2023* (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

ANDREW L. HARDESTY

     Petitioner,

     §
     §

VS.

     §     CAUSE NO.

BOBBY LUMPKIN, as Director

     TDCJ-CID

     Respondent,

     §
     §

     §

ATTACHED GROUNDS FOR
28 U.S.C. § 2254

Petitioner, Andrew Hardesty humbly request the court to accept the extended versions of his Grounds 1 and Grounds 2 contained herein, that were filed in WRIT OF HABEAS CORPUS ART. 11.07. That was unreasonably denied without written order.

Ground One: False Testimony And Suppression of Favorable Impeachment Evidence.

Jermi Romel was on felony probation for possession of 4 to 200 grams of a controlled substance in Bell County and had a pending motion to adjudicate guilt. He also was charged with evading arrest in a motor vehicle, possession of methamphetamine, and tampering with evidence in Coryell County. He testified that Hardesty confessed to the capital murder. The prosecutor elicited on direct ~~appeal~~ examination that he had not been promised anything for his testimony and did not know what would happen on the motion to adjudicate guilt. He asserted on cross-examination that his testimony had nothing to do with his pending cases. This testimony was false. Darren Barton the prosecutor in Coryell County, told Romel's lawyer Paul Harrell, that if he testified against Hardesty, he would receive favorable treatment in his Coryell County cases. Harrell informed Nelson Barnes, the prosecutor in Bell County, Barnes refused to put anything in writing but told Harrell that Romel's motion to adjudicate guilt would be "taken care of" after he testified.

Harrell informed Romel of these representations and assured him that his probation would be reinstated after he testified. When Romel testified against Hardesty, he believed that he would receive favorable treatment on his pending cases in both counties. After Hardesty's trial, Romel was sentenced to 120 days (time served) on a reduced misdemeanor charge in Coryell County, and his probation in Bell County was re-instated as consideration for his testimony against Hardesty. Russell Parrish, a Bell County jail inmate with a lengthy criminal record, was charged with possession of a controlled substance with intent to deliver, which carried a punishment of 15 to life. Parrish testified that Hardesty confessed the capital murder to him in jail. The prosecutor elicited on direct examination that released from jail on a personal recognizance bond after he came forward with this information. Parrish denied on cross-examination that any promises had been made for his testimony and, although it could help him on his pending charge, "I don't look for it." He acknowledged on redirect examination that he hoped he would receive consideration for his testimony. After Hardesty's trial, he pled guilty to the lesser included offense of possession of less than one gram of a controlled substance and was sentenced to one year (time served) as consideration for his testimony against Hardesty. The State suppressed this favorable impeachment evidence from the defense before trial and knowingly created the false impression at trial that Romel and Parrish would not receive consideration in exchange for their testimony that Hardesty confessed to them.

GROUND TWO! Ineffective Assistance of Counsel
At the Guilt-Innocence Stage

Counsel failed to timely object to Detective Terry Kaiser's
opinion testimony that "these people" led him to believe
that "Jack Dutton was the go-between in a murder
for Hire." Counsel failed to object to inadmissable hearsay
testimony that (a) people led Kaiser to believe that Hardesty
made " multiple admissions to killing the deceased"; (b) that
JoAnn Wilbert ( who allegedly hired Hardesty to commit the murder)
told Kaiser that she did not know Hardesty, but she had his
photo on her phone; (c) that Julia Driskell told Greg Pickens
that Hardesty tried to choke her to death and hid her; and
(d) that Wilbert wrote letters to John Ham to find a hit
man. Counsel failed to object to inadmissable extraneous
offenses and bad acts that (a) Hardesty assaulted Driskell,
tried to kill her, was charged with assault family violence,
and received probation; (b) that he used drugs and urine
cleaner while on probation; (C) that he told Pickens that
he wanted to shoot ~~somebody~~ someone after the offense;
(d) that he told Romel that his hands were registered as
deadly weapons in seven states; (e) that he gave up his
parental rights; and (f) that he is not religious. Counsel
failed to impeach William Camacho's testimony that the sun
was rising when Camacho saw Hardesty at 5:15 a.m. with
evidence that the sun did not rise that morning until 7:33 a.m.
Counsel failed to ~~object~~ request an instruction in the Charge
that Hardesty could not be convicted on the uncorroborated
testimony of Parrish, a jail informant.


Prayer

Petitioner, Prays that this Honorable Court adopt these
Grounds 1 and 2 with the added ground 3 in the
application as dictated in his State Habeas Corpus.

3·4

## UNSWORN DECLERATION

I Andrew Hardesty, petitioner, who is an inmate incarcerated in TDCJ-CID, on the WAINWRIGHT UNIT located in Lovelady Texas 75851, I declare under penalty of perjury that the contents of this application and attached Grounds and the facts contained with in are true and correct and placed into the Units mailing System on January 14, 2023.

Respectfully Submitted,

Andrew Hardesty
INMATE No. 2221304
WAINWRIGHT UNIT
2665 PRISON ROAD1
LOVELADY TX, 75851

4-4